# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SENTINEL TRANSPORATION, LLC) and DOES 1 through 25; inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ARMANDO PADILLA, an individual on behalf of himself and others similarly situated,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

**DEC 1 4 2017**

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Stanley Mosk, 111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br><br>BC 6 8 6 9 0 7 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jasmine A. Duel, Berokim & Duel PC, 270 N. Canon Drive, Third Floor, Beverly Hills, CA 90210, 310-846-8553

| DATE:<br>*(Fecha)* | **DEC 1 4 2017** | Clerk, by<br>*(Secretario)* | **SHAUNYA BOLDEN** | Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  **BEROKIM & DUEL, P.C.**
   Jasmine Duel | SBN 271872 | jasmine@berokimduel.com
2  Kousha Berokim | SBN 242763 | berokim@berokimduel.com
   270 North Cañon Drive, Third Floor
3  Beverly Hills, California 90210
   T (310) 993-3703 | F (310) 300-1233

4  Attorneys for Plaintiff ARMANDO PADILLA, an individual on behalf of
5  himself and others similarly situated

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

**DEC 14 2017**

Sheri R. Carter, Executive Officer/clerk

By Shaunya Bolden, Deputy

6

7                          SUPERIOR COURT OF CALIFORNIA

8                             COUNTY OF LOS ANGELES

9                                                    CASE NO.   **BC 686887**

10  ARMANDO PADILLA, an individual on
    behalf of himself and others similarly
11  situated,

                                                     **CLASS ACTION COMPLAINT FOR**
                                                     **DAMAGES**

12                          Plaintiffs,

13         v.

14  SENTINEL TRANSPORATION, LLC,
    and DOES 1 through 25; inclusive,
15

16                          Defendants.

1.  Failure to Provide Meal Periods in Violation of *Labor Code* §§ 226.7 & 1198;
2.  Failure to Provide Rest Periods in Violation of *Labor Code* §§ 226.7 & 1198;
3.  Unpaid Overtime and Double Time Wages;
4.  Unpaid Minimum Wages in Violation of *Labor Code* §§ 1194, 1194.2, & 1197;
5.  Waiting Time Penalties in Violation of *Labor Code* § 200-203;
6.  Wage Statement Penalties in Violation of *Labor Code* § 226;
7.  Violation of Labor Code 204;
8.  Unfair Competition to Pursuant to Business & Professions Code 17200;
9.  Violation of Labor Code §2802
10. Sick Pay in Violation of Los Angeles Wage Ordinance 184319

*PUNITIVE DAMAGES*
*UNLIMITED JURISDICTION*
*DEMAND FOR JURY TRIAL*

Plaintiff ARMANDO PADILLA, by and through his attorneys for this Class Action Complaint against Defendant Sentinel Transportation, LLC alleges:

## NATURE OF THE ACTION

1.    This is a class action for wage and labor violations arising out of, among other things, Defendant's failure to pay wages, pay overtime, and provide meal and rest breaks to its employee drivers, among other things.

2.    As more fully set forth herein, Defendant; failed to pay for all time worked every pay period, specifically including required minimum wages and daily overtime and daily double time; failed to provide off-duty meal and rest periods to its California drivers in accordance with the California Labor Code § 226.7 and Industrial Wage Order No. 9-2001, § 11(a) ("IWC No. 9"); failed to pay its drivers one hour of pay at their regular rate of compensation for each instance that Defendant failed to provide statutorily mandated rest periods and off-duty meal periods; for penalties arising from Defendant's issuing to its drivers inaccurate wage statements; failed to reimburse employees for uniforms and maintenance thereof; and failed to provide sick days in accordance with the law.

3.    Plaintiffs seek to represent the following Class: All current and former California employees of Defendant SENTINEL, employed in California, at any time beginning four (4) years prior to the filing of the Complaint through the date notice is mailed to the Class (the "Class period"), and who drove a truck for Defendant.

4.    Prior to the filing this Complaint Plaintiff gave written notice by certified mail to the Labor Workforce Development Agency ("LWDA") and to Defendant Sentinel of the specific provisions alleged to have been violated, including the facts and theories to support the alleged violations as required by Labor Code 2699.3.   Please see a true and correct copy of the letter to the LWDA attached hereto as Exhibit "1." Once the statutory timeframe passes, Plaintiff intends to amend his complaint as a matter of right to include violation of Cal. Labor Code 2699.3

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. The acts and omissions complained of in this action took place in the State of California, and at least one Defendant resides in the state of California. Venue is proper because this is a class action, the acts and/or omissions complained of took place, in whole or in part within the venue of this Court, and/or one or more Defendant resides within the venue of this court.

PARTIES

6.      Plaintiff ARMANDO PADILLA ("Plaintiff") is, and at all times relevant to this Complaint was, an individual residing in the County of Los Angeles, State of California, and employed by Defendant Sentinel during the liability period as alleged herein.

7.      Defendant SENTINEL TRANPORTATION, LLC ("SENTINEL") is a Delaware Limited Liability Corporation, organized and existing under the laws of the State of Delaware, and qualified to do business and is doing business in the County of Los Angeles, State of California. Defendant currently operates its business from 13601 S. Broadway, Los Angeles CA 90061.

8.      Plaintiff is informed and believes that, at all relevant times, Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of each other and their other employees and agents, and that each of the Defendants is vicariously or strictly liable for the wrongful conduct of each of the other Defendants as alleged herein.

9.      Except as otherwise stated herein, at all times herein mentioned, each of the Defendants participated in the acts herein alleged to have been done by the other Defendants, and furthermore, the Defendants, and each of them, were the agents, servants, representatives and employees of each of the other Defendants, and at all times herein mentioned were acting within the course, scope and authority of said agency and employment.

10.     Plaintiff is informed and believes and based thereon alleges that each of the Defendants acted in all respects pertinent to this action as the agent or employee of each other, and carried out a joint scheme, business plan, or policy in all respects thereto and, therefore, the acts of

each of these Defendants are legally attributable to the other Defendants, and that these Defendants, in all respects, acted as employers and/or joint employers of Plaintiff in that each of them exercised control over his wages, hours, and/or working conditions.

11.    Plaintiff is informed and believes that, at all relevant times, in perpetrating the acts and omissions alleged herein, Defendants, and each of them, acted pursuant to and in furtherance of a policy and practice of not paying Plaintiff in accordance with applicable wage and hour laws as alleged herein.

12.    Plaintiffs are informed and believe and thereon allege that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and/or employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

### FACTS COMMON TO ALL CAUSES OF ACTION

13.    Defendant delivers gas throughout California.

14.    At all times during the liability period, Defendant employed Plaintiff and Class members as truck drivers in providing Defendant's services.

15.    Defendant exercised that same dominion and control over every driver that Defendant employed during the class period.

16.    At all times during the liability period, Plaintiffs and Class members were assigned to and required to work shifts lasting over four (4) hours, and were not provided nor allowed to take a ten (10) minute, uninterrupted rest break during each such shift or four (4) hour work period.

17.    At all times during the liability period, Plaintiffs and Class members worked in excess of eight (8) hours per work day or forty (40) hours per work week. Defendant failed to pay for hours worked in excess of eight (8) hours per day. Defendant failed to pay current and former drivers one-and-one-half times their regular rate of pay for hours worked in excess of eight (8) hours per day or forty (40) hours per workweek. Defendant also failed to pay their employees at a

rate no less than twice the regular rate of pay for work in excess of twelve (12) hours in one day or for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in a workweek.

18.    At all times during the liability period, Plaintiffs and the Class members were assigned to and required to work for periods lasting in excess of five (5) hours and were not provided or allowed to take a thirty (30) minute, uninterrupted, off-duty meal break. Moreover, Plaintiffs and the Class members often worked and in excess often (10) hours without a second thirty (30) minute meal break.

19.    At all times during the liability period, Defendant failed to authorize and permit rest breaks during the Class period. Plaintiffs and members of the Class were routinely required to work through rest periods at the direction of Defendant and/or with Defendant's knowledge and acquiescence.

20.    At all times during the liability period, Defendant failed to pay Class members for all hours worked. Thus, Defendant did not pay Plaintiff and the Class members minimum wages in accordance with law and, because Class members worked shifts over eight (8) hours in duration, Defendant does not pay them overtime wages in accordance with law.

21.    Defendant's conduct, as alleged herein, has caused Plaintiff and Class members damages including, but not limited to, loss of wages and compensation. Defendant is liable to Plaintiff and the Class for failing to pay minimum wages, failing to pay overtime wages, failing to pay all wages owed on each pay period, failure to provide timely and accurate wage statements, failure to pay all wages owed upon termination, and unfair competition.

22.    Plaintiff is a member of and seeks to be the representatives for the Class of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under, Defendant's unlawful employment practices as alleged herein.

23.    Plaintiff brings this action on behalf of himself, and on behalf of all others similarly situated, and as a member of the Class defined as follows: All current and former California employees of Defendant Sentinel, employed in California, at any time beginning four (4) years prior to the filing of the Complaint through the date notice is mailed to the Class (the "Class period"), and who drove a truck for Defendant.

24.     Plaintiff reserves the right to amend or otherwise alter the sub-class definitions presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

25.     This action has been brought and may be properly maintained as a class action pursuant to the provisions of Code of Civil Procedure § 382 (hereinafter "§ 382") and other applicable law.

26.     *Numerosity of the Class:* Pursuant to § 382, members of the Class are so numerous that their individual joinder is impracticable. Plaintiff estimates, on information and belief, that there are over fifty (50) current and former aggrieved employees of Defendant employed as drivers in California during the Class period. The precise number of Class members and their addresses are known to Plaintiff or will be known to Plaintiff through discovery. Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

27.     *Existence of Predominance of Common Questions of Fact and Law:* Pursuant to § 382, common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual questions include:

(a) Whether Plaintiffs and each member of the Class were not paid minimum wage for each hour worked or part thereof during which they were required to perform acts at the direction and for the benefit of Defendant;

(b) Whether Defendant engaged in a pattern or practice of failing to pay Plaintiffs and the members of the Class who worked as drivers in California for the total hours worked during the Class period;

(c) Whether Defendant violated Labor Code § 2267.7 and/or § 512 and engaged in a pattern or practice of failing to provide timely, off-duty thirty (30) minute meal periods to Plaintiffs and members of the Class who worked as drivers in California during the Class period;

(d) Whether Defendant engaged in a pattern or practice of impeding Plaintiffs and the members of the Class who worked as drivers in California during the Class period from taking statutory off-duty thirty (30) minute meal periods on a timely

basis;

(e) Whether Defendant engaged in a pattern or practice of failing to properly compensate Plaintiffs and the members of the Class who worked as drivers in California during the Class period for missed, untimely or on-duty meal periods as required by California law;

(f) Whether Defendant violated California Industrial Welfare Commission ("IWC") Order No. 9, § 11 by failing to provide Plaintiffs and the members of the Class who worked as drivers in California during the Class period with timely off-duty thirty (30) minute meal periods;

(g) Whether Defendant engaged in unfair practice and violated California Business and Professions Code § 17200 by failing to provide Plaintiffs and the members of the Class who worked as drivers in California during the Class period with their statutory off-duty meal periods on a timely basis;

(h) Whether Defendant maintained accurate time records of off-duty thirty (30) minute meal breaks taken by Plaintiffs and members of the Class during the Class period in accordance with § 7 of IWC Wage Order No. 9-2001;

(i) Whether Defendant violated Labor Code § 226(a) by issuing inaccurate itemized wage statements to Plaintiffs and members of the Class that failed to include payments for missed, untimely, and/or on-duty meal periods among wages earned throughout the Class period;

(j) Whether Defendant violated Labor Code § 226 by issuing inaccurate itemized wage statements to Plaintiffs and members of the Class that failed to accurately state the total hours worked, to the detriment of Plaintiffs and the Class;

(k) Whether Defendant failed to compensate, and therefore violated IWC Wage Order No. 9-2001 and Labor Code § 226.7 by failing to provide ten (10) minute, uninterrupted rest periods as contemplated by California law for work periods in excess of four (4) hours;

(l) Whether Defendant engaged in a pattern or practice of failing to properly compensate Plaintiffs and the members of the Class who worked as drivers in

California during the Class period for failing to provide ten (10) minute, uninterrupted rest periods as contemplated by California law for work periods in excess of four (4) hours;

(m) Whether Defendant engaged in a pattern or practice of failing to pay appropriate amounts of overtime pay to Plaintiffs and the Class for hours worked in excess of eight (8) hours in a day;

(n) Whether Defendant violated § 510 of the Labor Code by failing to pay overtime pay to Plaintiffs and the Class for hours worked in excess of eight (8) hours in a day;

(o) Whether Defendant violated § 3 of Wage Order No. 9-2001 of the IWC by failing to pay overtime to Plaintiffs and the Class for hours worked in excess of eight (8) hours in a day;

(p) Whether Defendant violated Labor Code §§ 218.5, 204, 1197, and 1198 due to failure to compensate Plaintiffs and the Class for those acts Defendant required Plaintiffs and members of the Class to perform for the benefit of Defendant.

(q) Where Defendant violated Labor Code 2802 for failure to pay Plaintiff and the Class for their mandatory uniforms and maintenance thereof.

(r) Where Defendant violated Labor Code 2802 for failure to reimburse Plaintiff and the Class for use of their personal cell phones for work related purposes.

(s) Whether Defendant violated Los Angeles Wage Ordnance 183649 for failure to provide lawful sick days.

(t) The nature and extent of class-wide injury and the measure of damages for the injury.

28.    *Typicality:* Plaintiff's claims are typical of the claims of the members of the subclasses they represent because Plaintiff, as employee drivers of Defendant was exposed and subjected to the same unlawful business practices as other drivers employed by Defendant during the liability period. Plaintiff and the members of the sub classes he represents sustained the same types of damages and losses.

29.    *Adequacy:* Plaintiffs are an adequate representative of the Class they seek to

8

represent because their interests do not conflict with the interests of the members of the subclasses Plaintiffs seek to represent. Plaintiffs have retained counsel competent and experienced in complex class action litigation and Plaintiffs intend to prosecute this action vigorously. The interests of members of each Class will be fairly and adequately protected by Plaintiffs and their counsel.

30.     *Superiority and Substantial Benefit:* The class action is superior to other available means for the fair and efficient adjudication of Plaintiffs and the Class members' claims. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

31.     The Class should also be certified because:

(a) The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendant;

(b) The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

(c) Defendant has acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

**(Against Defendants, and DOES 1-25, inclusive )**

32.    As a separate and distinct cause of action, Plaintiff incorporates each and every preceding paragraph of this Complaint by reference as if fully alleged herein.

33.    *Labor Code* section 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate the Wage Order.

34.    *Labor Code* section 512 and Section 11 of the Wage Order require employers to provide their non-exempt employees who work five or more hours in a workday with a first uninterrupted off-duty meal period of at least thirty minutes before the end of the employee's fifth hour of work.

35.    *Labor Code* section 512 and Section 11 of the Wage Order require employers to provide their non-exempt employees who work more than ten hours in a workday with a second uninterrupted off-duty meal period of at least thirty minutes before the end of the employee's tenth hour of work.

36.    *Labor Code* section 226.7 and Section 11 of the Wage Order require employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a meal period in accordance with the Wage Order.

37.    As alleged herein, Defendant failed to authorize and permit uninterrupted meal breaks during the Class period. Plaintiff and members of the Class were routinely required to work without an uninterrupted meal break at the direction of Defendant and/or with Defendant's knowledge and acquiescence.

38.    By its actions in requiring its employees to work through meal periods and/or its failure to relieve drivers of their duties for their off-duty meal periods, Defendant has violated California Labor Code § 226.7 and § 11 of IWC Wage Order No. 9-2001, and is liable to Plaintiff and the Class.

39.    As a result of the unlawful acts of Defendant, Plaintiff and the Class have been deprived of timely off-duty meal periods, and are entitled to recovery under Labor Code § 226.7(b)

and § 11 of IWC Wage Order No. 9-2001, in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendant failed to provide its drivers with timely statutory off-duty meal periods. Pursuant to *Labor Code* section 226.7, Plaintiff seeks to recover premium wages in amounts subject to proof.

## SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE REST PERIODS
### Cal. Labor Code § 226.7
### (Against Defendants, and DOES 1-25, inclusive)

40.   As a separate and distinct cause of action, Plaintiff incorporates each and every preceding paragraph of this Complaint by reference as if fully alleged herein.

41.   *Labor Code* section 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate the Wage Order.

42.   Section 12 of the Wage Order imposes an affirmative obligation on employers to permit and authorize their non-exempt employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

43.   *Labor Code* section 226.7 and Section 12 of the Wage Order require employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a rest period.

44.   As alleged herein, Defendant failed to authorize and permit rest breaks during the Class period. Plaintiff and members of the Class were routinely required to work through rest periods at the direction of Defendant and/or with Defendant's knowledge and acquiescence.

45.   By their actions in requiring their employees during the Class period to work through rest periods, Defendant violated § 12 of IWC Wage Order No. 9-2001 and California Labor Code § 226.7, and are liable to Plaintiff and the Class.

46.   Defendant's unlawful conduct alleged herein occurred in the course of employment

1  of Plaintiff and all others similarly situated and such conduct has continued through the filing of
2  this complaint.

3       47.     As a direct and proximate result of Defendant's unlawful action, Plaintiff and the
4  Class have been deprived of timely rest periods and/or were not paid for rest periods taking during
5  the Class period, and are entitled to recovery under Labor Code § 226.7(b) in the amount of one
6  additional hour of pay at the employee's regular rate of compensation for each work period during
7  each day in which Defendant failed to provide employees with timely and/or paid rest periods.

8

9  **THIRD CAUSE OF ACTION**

10  **UNPAID OVERTIME AND DOUBELT TIME WAGES**

11  **(Against Defendants, and DOES 1-25, inclusive)**

12       48.     As a separate and distinct cause of action, Plaintiff incorporates each and every
13  preceding paragraph of this Complaint by reference as if fully alleged herein.

14       49.     At all relevant times, Plaintiff has been a non-exempt employee of Defendants and
15  entitled to the full protections of the *Labor Code, the FLSA,* and of the Wage Order.

16       50.     Labor Code section 1198 makes it unlawful for an employer to employ any person
17  under conditions of employment that violate the Wage Order.

18       51.     Section 2(G) of the Wage Order defines "hours worked" as "the time during which
19  an employee is subject to the control of the employer, [which] includes all the time the employee
20  is suffered or permitted to work, whether or not required to do so."

21       52.     *Labor Code* sections 510 and 1194, and Section 3 of the Wage Order, require
22  employers to pay overtime wages to their non-exempt employees at no less than one and one-half
23  times their regular rates of pay for all hours worked in excess of eight hours in one workday, all
24  hours worked in excess of forty hours in one workweek, and for the first eight hours worked on a
25  seventh consecutive workday.

26       53.     Labor Code sections 510, and 1194, the FLSA and Section 3 of the Wage
27  Order require employers to pay overtime wages to their non-exempt employees for all hours
28  worked in excess of forty hours in one workweek, and for the first eight hours worked on a seventh

1   consecutive workday

2   54.   *Labor Code* sections 510 and 1194, the FLSA and Section 3 of the Wage Order, also

3   require employers to pay overtime wages to their non-exempt employees at no less than two times

4   their regular rates of pay for all hours worked in excess of twelve hours in one workday, and for all

5   hours worked in excess of eight hours on a seventh consecutive workday.

6   55.   At all times relevant hereto, Plaintiff and members of the Class were non-exempt

7   for purposes of the overtime and double pay requirements set forth in the Labor Code and Wage

8   Order No. 9-2001. In addition, during the Class period, Plaintiff and other members of the Class

9   consistently worked three to six (5) days per week for nine (9) hours or more.

10   56.   Plaintiff seeks to recover unpaid overtime and double-time compensation in an

11   amount to be determined at trial.

12

13   **FOURTH CAUSE OF ACTION**

14   **UNPAID MINIMUM WAGES *Labor Code* §§ 1194, 1194.2, & 1197**

15   **(Against Defendants, and DOES 1-25, inclusive)**

16   57.   As a separate and distinct cause of action, Plaintiff incorporates each and every

17   preceding paragraph of this Complaint by reference as if fully alleged herein.

18   58.   Labor Code § 510 provides in relevant part: "[e]ight hours of labor constitutes a

19   day's work. Any work in excess of eight hours in one work day and any work in excess of 40 hours

20   in any one workweek and the first eight hours worked on the seventh day of work in any one

21   workweek shall be compensated at the rate of no less than one and one-half times the regular rate

22   of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the

23   rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess

24   of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than

25   twice the regular rate of pay of an employee."

26   59.   Labor Code § 1197 provides: "The minimum wage for employees fixed by the

27   commission is the minimum wage to be paid to employees, and the payment of a less wage than

28   the minimum so fixed is unlawful."

13

60.     Labor Code § 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

61.     Labor Code § 1194.2 provides in relevant part: "In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

62.     Pursuant to IWC Wage Order No. 9-2001, at all times material hereto, "hours worked" includes "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, where or not required to do so."

63.     Pursuant to § 4 of IWC Wage Order No. 9-2001, Plaintiffs and members of each Class were entitled to receive not less than minimum wage per hour for all hours worked.

64.     At all times relevant during the liability period, under the provisions of Wage Order No. 9-2001, Plaintiff and each Class member should have received not less than the minimum wage in a sum according to proof for the time worked, but not compensated.

65.     For all hours that Plaintiff and the Class members worked, they are entitled to not less than the California minimum wage and, pursuant to Labor Code § 1194.2(a) liquidated damages in an amount equal to the unpaid minimum wages and interest thereon. Pursuant to Labor Code § 1194, Plaintiffs and the Class members are also entitled to their attorneys' fees, costs and interest according to proof.

66.     At all times relevant during the liability period, Defendant willfully failed and refused, and continues to willfully fail and refuse, to pay Plaintiffs and Class members the amounts owed.

67.     Defendant's unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all other similarly situated drivers, and Defendant has done so continuously throughout the filing of this complaint.

14

68.     As a direct and proximate result of Defendant's violation of Labor Code § § 510 and 1197, Plaintiff and other Class members have suffered irreparable harm and money damages entitling them to damages, injunctive relief or restitution. Plaintiff, on behalf of himself and on behalf of the Class, seeks damages and all other relief allowable including all wages due while working as Defendant's drivers, attorneys' fees, liquidated damages, prejudgment interest, and as to those employees no longer employed by Defendant, waiting time penalties pursuant to Labor Code § 200 *et seq.*

69.     Plaintiff and the Class members are entitled to back pay, pre-judgment interest, liquidated damages, statutory penalties, attorneys' fees and costs, and for Plaintiffs and the Class of members no longer employed, waiting time penalties pursuant to Labor Code § 1194.

## FIFTH CAUSE OF ACTION

### WAITING TIME PENALTIES VIOLATION OF Labor Code 200-203

### (Against Defendants, and DOES 1-25, inclusive)

70.     As a separate and distinct cause of action, Plaintiff incorporates each and every preceding paragraph of this Complaint by reference as if fully alleged herein.

71.     *Labor Code* § 200 defines "wages" as all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

72.     California Labor Code §§ 201 and 202 requires Defendant to pay all compensation due and owing to former drivers at or around the time employment is terminated. Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by §§ 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

73.     At all times relevant during the liability period, Plaintiff and the other members of the Class were employees of Defendant covered by Labor Code § 203.

74.     Defendant willfully failed to pay Plaintiff and other members of the Class who are no longer employed by Defendant for their uncompensated hours, uncompensated overtime, and

15

1   missed, untimely or on-duty meal and rest periods upon their termination or separation from
2   employment with Defendant as required by California Labor Code §§ 201 and 202. As a result,
3   Defendant is liable to Plaintiff and other members of the Class who are no longer employed by
4   Defendant for waiting time penalties amounting to thirty days wages for Plaintiff and each such
5   Class member pursuant to California Labor Code § 203.

6

7                              **SIXTH CAUSE OF ACTION**

8                   **WAGE STATEMENT PENALTIES Labor Code 226**

9                   **(Against Defendants, and DOES 1-25, inclusive)**

10          75.    As a separate and distinct cause of action, Plaintiff incorporates each and every
11   preceding paragraph of this Complaint by reference as if fully alleged herein.

12          76.    Pursuant to *Labor Code* § 226a, Defendants have been obligated to provide Plaintiff,
13   either semimonthly or at the time of each payment of wages, with accurate itemized statements
14   showing, among other things, all applicable hourly rates, all applicable hourly rates of pay in effect
15   during the pay period, their corresponding number of hours worked at each applicable rate, and
16   gross and net wages earned.

17          77.    Labor Code § 226(e) provides that an employee is entitled to recover $50 for the
18   initial pay period in which a violation of § 226 occurs and $100 for each subsequent pay period, as
19   well as an award of costs and reasonable attorneys' fees, for all pay periods in which the employer
20   knowingly and intentionally failed to provide accurate itemized statements to the employee causing
21   the employee to suffer injury.

22          78.    Plaintiff is informed, believe and thereon allege that at all times relevant Defendant
23   knowingly and intentionally failed to furnish and continues to knowingly and intentionally fail to
24   furnish Plaintiff and each Class member with timely and accurate itemized statements showing the
25   gross wages earned by each of them, as required by Labor Code § 226 (a), in that the payments
26   owed to Plaintiff and the members of the Class for unpaid minimum wages, unpaid overtime, and
27   missed meal and rest periods, were not included in gross wages earned by Plaintiffs and the Class.

28          79.    Defendant's failure to provide Plaintiff and members of the Class with accurate

                                              16

1   itemized wage statement during the Class period has caused Plaintiff and members of the Class to

2   incur economic damages in that they were not aware that they were owed and not paid

3   compensation for missed rest periods and on-duty meal periods, for hours worked without pay, and

4   for overtime worked without pay. In addition, as set forth in Plaintiff's third cause of action,

5   Defendant provided inaccurate information regarding hours worked, which masked their

6   underpayment of wages to Plaintiff and the Class.

7        80.    As a result of Defendant's issuance of inaccurate itemized wage statements to

8   Plaintiff and members of the Class in violation of Labor Code § 226(a), Plaintiff and the members

9   of the Class are each entitled to recover penalties pursuant to § 226(e) of the Labor Code.

10

11                          **SEVENTH CAUSE OF ACTION**

12                       **VIOLATION OF LABOR CODE 204**

13                  **(Against Defendants, and DOES 1-25, inclusive)**

14       81.    As a separate and distinct cause of action, Plaintiff incorporates each and every

15   preceding paragraph of this Complaint by reference as if fully alleged herein.

16       82.    Pursuant to Labor Code section 204, an employer must pay all wages due and

17   payable twice during each calendar month, on days designated in advance as regular paydays.

18       83.    Defendant failed to pay Plaintiff and other similarly situated employees all wages

19   earned each pay period. Plaintiff is informed, believe, and thereon allege, that at all times relevant

20   during the liability period, Defendant maintained a policy or practice of not paying Plaintiff and

21   other similarly situated employees: (i) minimum wages for all hours worked; (ii) overtime wages

22   for all overtime hours worked; and (iii) premium wages for all missed meal and rest periods.

23       84.    As a result of Defendant's unlawful conduct, Plaintiff and members of each Class

24   have suffered damages in an amount, subject to proof, to the extent they were not paid all wages

25   each pay period. The precise amount of unpaid wages is not presently known to Plaintiff but can

26   be determined directly from Defendant's records or indirectly based on information from

27   Defendant's records.

28

1

## EIGHTH  CAUSE OF ACTION

2

### UNFAIR COMPETITION

3

### PURSUANT TO BUSINESS & PROFESSIONS CODE §§ 17200 *et seq.*

4

### (Against Defendants, and DOES 1-25, inclusive)

5       85.     As a separate and distinct cause of action, Plaintiff incorporates each and every

6    preceding paragraph of this Complaint by reference as if fully alleged herein.

7       86.     The foregoing conduct, as alleged, violates the California Unfair Competition Law

8    ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.* Section 17200 of the Cal. Bus. & Prof. Code

9    prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or

10   practices.

11       87.     Defendants committed acts of unfair competition, as defined by the UCL, by, among

12   other things, engaging in the acts and practices described herein.  Defendants' conduct as herein

13   alleged has damaged Plaintiff and the Class by denying them earned wages and compensation they

14   earned through labor provided, and failing to otherwise compensate Class members, as alleged

15   herein. Defendant's fraudulent conduct includes, but is not limited to, issuing wage statements

16   containing false and/or misleading information about the time the Class members worked and the

17   amount of wages or compensation due.

18       88.     Plaintiff has standing to assert this claim because he has suffered injury in fact and

19   has lost money as a result of Defendant's conduct.

20       89.     Plaintiff and the Class seek restitutionary disgorgement from Defendant, and an

21   injunction prohibiting them from engaging in the unlawful, unfair, and/or fraudulent conduct

22   alleged herein.

23

24

## NINTH CAUSE OF ACTION

25

### VIOLATION OF LABOR CODE 2802 –REIMBURSEMENT

26

### (Against Defendants, and DOES 1-25, inclusive)

27       90.     As a separate and distinct cause of action, Plaintiff incorporates each and every

28   preceding paragraph of this Complaint by reference as if fully alleged herein.

18

91.    Labor Code Section 2802 states that "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." Subdivision (c) of Section 2802 defines "necessary expenditures or losses" to include "all reasonable cost

92.    If an employer requires that an employee wear a uniform, the employer must pay the cost of the uniform. Labor Code Section 2802. Industrial Welfare Commission Orders, Section 9. The term "uniform" includes wearing apparel and accessories of distinctive design and color.

93.    Plaintiff and the class were required to wear uniforms while working.  Defendant failed to pay Plaintiff and the class the reasonable value of their uniform maintained.

94.    Defendant required Plaintiff and the Class to use their personal cell phones for work related purposes.  Defendant did not reimburse Plaintiff or the Class for use of their personal cell phones for work related purposes. The use of cell phones was necessary for Plaintiff and the class to carry out their tasks.

95.    As a result of Defendant's unlawful conduct, Plaintiff and members of each Class have suffered damages in an amount, subject to proof, to the extent they were not paid reasonable fees for the mandatory uniforms they were required to wear and the maintenance thereof.

## TENTH CAUSE OF ACTION

### VIOLATION OF LOS ANGELES MINIMUM WAGE ORDINANCE

### NO. 184319

### (Against Defendants, and DOES 1-25, inclusive)

96.    As a separate and distinct cause of action, Plaintiff incorporates each and every preceding paragraph of this Complaint by reference as if fully alleged herein.

97.    City of Los Angeles provides greater sick pay protections than California Labor Code 246 which only requires employers to provide employees 24 hours of accrued sick paid time off per year.

98.     Starting July 1, 2016, all Employers, except for Employers with 25 or fewer Employees, were required to provide paid sick leave according to the Los Angeles Minimum Wage Ordinance (MWO). The paid sick leave provided all Employees who work at least two hours in a particular week in the City of Los Angeles for the same Employer for 30 days or more within a year.

99.     Per MWO, Plaintiff and the Class were entitled to at least 48 hours of paid sick days provided at the either the beginning of each year of employment, calendar year, or 12-month period; OR one (1) hour of paid sick leave for every thirty (30) hours worked.

100.    Defendant did not post the City of Los Angeles Sick Day and Pay policy in its offices.

101.    Per Los Angeles City Ordinance Number 184319:

(a) Every Employer who violates this article, or any portion thereof, shall be liable to the Employee whose rights were violated for any and all relief, including, but not limited to, the payment to each Employee of wages unlawfully withheld, Sick Time Benefits unlawfully withheld and an additional penalty of up to $120 per day that each of the violations occurred or continued (See Section 188.07)

(b) . Any Employee aggrieved by a violation of this article shall be entitled to such legal or equitable relief as may be appropriate to remedy the violation, including, without limitation, the payment of any wages unlawfully withheld, Sick Time Benefits unlawfully withheld, the payment of penalties in the amount of up to $120 to each Employee whose rights under this article were violated for each day that either violation occurred or continued, reinstatement in employment and/or injunctive relief, and shall be awarded reasonable attorneys' fees and cost. Any other person or entity enforcing this article on behalf of the public as provided for under applicable state law, upon prevailing, shall be entitled only to equitable, injunctive and/or restitutionary relief, and reasonable attorneys' fees and costs. (See Section 188.07)

(c) Every Employer who violates this article, or any portion thereof, shall be liable

20

1    to the City for a penalty of up to $50 per day that either wages or Sick Time

2    Benefits were unlawfully withheld from an Employee (see Section 188.08).

3    (d) A daily administrative penalty of $500 will be issued against the employer.

4    (e) Fines can be doubled if subsequent violations occur.

5    (f) Failure of employers to post notice of employee rights can result in a penalty of

6    $500.

7

8    **PRAYER FOR RELIEF**

9    WHEREFORE, Plaintiff on behalf of himself and all others similarly situated and also on

10   behalf of the general public, pray for judgment against Defendant and DOES 1 through 25, jointly

11   and severally, as follows:

12   1.    An order that this action may proceed and be maintained as a class action;

13   2.    For all unpaid minimum wages and liquidated damages due to Plaintiffs and each

14   Class member on their minimum wage claim;

15   3.    For all unpaid overtime wages due to Plaintiffs and each Class member;

16   4.    For one hour of wages due to Plaintiff and each Class member for each work period

17   of more than four (4) hours when they did not receive an uninterrupted ten (10) minute rest period;

18   5.    For one hour of wages due to Plaintiff and each Class member for each work period

19   of more than five (5) hours when they did not receive an uninterrupted thirty (30) minute meal

20   period;

21   6.    For continuation wages under Labor Code § 203;

22   7.    For statutory penalties under Labor Code § 226(e);

23   8.    An order requiring Defendant to comply with Labor Code § 226(a) with respect to

     all currently employed members of the Class;

24   9.    For restitutionary disgorgement pursuant to the UCL;

25   10.   An order enjoining Defendant from further unfair and unlawful business practices

26   in violation of Business & Professions Code §§ 17200 et seq.;

27   11.   For all reimbursement expenses pursuant to Labor Code 2802.

28

12. For all damages pursuant to Los Angeles Minimum Wage Ordinance No. 184319.

13. Prejudgment interest at the maximum legal rate;

14. Reasonable attorneys' fees;

15. Accounting of Defendant's records for the liability period;

16. General, special and consequential damages, to the extent allowed by law;

17. Costs of suit;

18. For liquidated damages;

19. For exemplary and punitive damages according to proof at trial; and

20. Such other relief as the Court may deem just and proper

For such other and further relief as the Court may deem just and proper.

For economic damages according to proof.

DATED: December 13, 2017                    BEROKIM & DUEL, P.C.

By _____
Jasmine A. Duel, Esq.
Kousha Berokim, Esq.
Attorneys for Plaintiff ARMANDO
PADILLA, on behalf of himself and others

## DEMAND FOR JURY TRIAL

DATED: December 13, 2017                    BEROKIM & DUEL, P.C.

By _____
Jasmine A. Duel, Esq.
Kousha Berokim, Esq.
Attorneys for Plaintiff ARMANDO
PADILLA, on behalf of himself and others

# EXHIBIT 1

270 NORTH CAÑON DRIVE, THIRD FLOOR, BEVERLY HILLS, CALIFORNIA 90210
PHONE 310.846.8553 FAX 310.300.1233

# BEROKIM&DUEL,P.C.
attorneys at law

Jasmine A. Duel, Esq. | jasmine@berokimduel.com

December 11, 2017

*SENT VIA ONLINE PAGA FILING SITE*

California Labor & Workforce Development Agency

Attention:

> RE:   Labor Code 2699 Notice
> *Armando Padilla v. Sentinel Transportation LLC*

Dear Sir or Madame:

Pursuant to the Labor Code Private Attorneys General Act of 2004 (Labor Code § 2698*et seq.*)
Armando Padilla ("Padilla") hereby provides notice on behalf of himself and other current and
former employees employed as truck drivers ("aggrieved employees") of his employer, Sentinel
Transportation LLC, hereinafter referred to as ("the Company"), of violations of various California
Labor Code violations, including but not limited to, Labor Code §§ 201, 202, 203, 204, 226(a),
226(e), 226.7, 510, 512, 1194, 1197, 1198, 2802, and Los Angeles Wage Ordinance 184319.

As set forth below, Padilla alleges that the Company has failed to provide their employees with
overtime, double, meal periods, rest periods, reimbursement expenses for their mandatory
uniforms and sick day, and reimbursement expense for use of their personal cell phones for
business related purposes. The Company failed to timely pay them earned wages. Based on these
alleged violations of the Labor Code, Padilla intends to seek civil penalties in a private civil action
if the Labor and Workforce Development Agency ("LWDA") declines to investigate these
allegations.

The Company employed Padilla and other aggrieved employees as truck drivers and failed to
provide them with lawful and duty-free meal and rest breaks. Specifically, Padilla and other
aggrieved employees were required to eat while working, and would get reprimanded if they took
an uninterrupted meal and/or rest break. Moreover, the company failed to provide the employees
with overtime. Padilla, and others, were only paid straight time, in lieu of overtime for all hours
worked in excess of 8 hours per day and/or 40 hours per week. For example, Padilla generally
worked at least 5 days per week, 12 hours per day, but was only paid straight time as his wages.
Moreover, the truck drivers delivered gas and only stayed within California state lines. The

Company also required mandatory uniforms with the Company's name on the uniform but failed to provide reasonable uniform maintenance expenses to its employees. The Company also required Mr. Padilla to use his personal cell phone for work related purposes without being reimbursed.

At all relevant times, the Company was an employer of Padilla and was an aggrieved employee within the meaning of Section 2(H) of Industrial Welfare Commission Order ("the Wage Order") and Labor Code § 18 in that it exercised control over the wages, hours, and/or working conditions of Padilla and other aggrieved employees and caused the alleged violations of the Labor Code and the Wage Order set forth herein to be committed. At all relevant times, Padilla and aggrieved employees have been "employees" of the Company within the meaning of Section 2(F) of the Wage Order and "aggrieved employees" within the meaning of Labor Code § 2699(c).

At all relevant times, Padilla and aggrieved employees have been non-exempt employees of the Company and entitled to the full protections of the Labor Code and the Wage Order. At all relevant times, the Company failed to keep legally required records concerning Padilla and aggrieved employees, including, but not limited to, accurate records of their hours worked and rest periods and meal periods.

Moreover, at all times relevant hereto, Labor Code § 1194 provided, "(a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit. (b) The amendments made to this section by Chapter 825 of the Statutes of 1991 shall apply only to civil actions commenced on or after January 1, 1992."

At all times relevant hereto, Labor Code § 510 provided for payment of a minimum wage regardless of the number of hours worked; plus one and one-half (1 ½ ) times each employee's regular rate of pay for all work over eight (8) hours in any workday, forty (40) hours in any workweek, or the first eight (8) hours of the seventh consecutive day of work; as well as double his regular rate of pay for work in excess of twelve (12) hours per day or in excess of eight (8) hours on the seventh consecutive day of any work week.

At all times relevant hereto, Labor Code § 558 provided, in pertinent part, "Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee.

At all times relevant hereto, Labor Code § 204 provided that all wages, other than those mentioned in Section 201, 202, 204.1, or 204.2, earned by any person in any employment, are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

At all times relevant hereto, Labor Code § 218 provided in pertinent part, "…Nothing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article."

Defendants' Violations of Labor Code §§ 204, 218, 450, 510, 558, 1182.12, 1194, 1197 and 1198: Defendants knowingly and intentionally failed to compensate Plaintiff and aggrieved employees all earned regular, minimum, and overtime wages, due and payable twice during each calendar month.

As a result of working under these conditions, Padilla worked shifts in excess of three and one-half hours without being authorized or permitted to take duty-free net rest periods of at least ten minutes at the rates required under Section 12 of the Wage Order in violation of Labor Code §§ 226.7 and 1198, worked shifts in excess of five hours without being relieved of duty for a first uninterrupted and off-duty meal period of at least thirty minutes before the end of the fifth hour of work in violation of Labor Code §§ 512 and 1198 and Section 11 of the Wage Order, and worked shifts in excess of ten hours without being relieved of duty for a second uninterrupted and off-duty meal period of at least thirty minutes before the end of the tenth hour of work in violation of Labor Code §§ 512 and 1198 and Section 11 of the Wage Order. The Company failed to pay Padilla his lawful wages throughout the entire course of his employment and after the termination of his employment as a result of these practices.

In violation of Labor Code § 226.7 and Sections 11 and 12 of the Wage Order, the Company never paid Padilla any premium wages on workdays when required meal or rest periods were not provided. In turn, by failing to pay any premium wages to Padilla, the Company also failed to provide him with written wage statements that accurately reflected his gross and net wages earned in violation of Labor Code § 226(a), failed to timely pay his wages earned during his employment in violation of Labor Code § 204, and willfully failed to timely pay him and other aggrieved employees earned wages after the discharge or voluntary termination of their employment in violation of Labor Code §§ 201 or 202and 203.

Padilla is informed and believes and thereon alleges that the Company violated the rights of other aggrieved employees in similar positions under Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 512, 98.6, 1198, and 1102.5 and Sections 3 and 4 the Wage Order as a result of maintaining the defective policies and practices described above.

Defendant violated Labor Code 2802 for refusing to provide employees with sufficient and reasonable funds required to maintain the mandatory uniforms they must wear.

Accordingly, on behalf of himself and aggrieved employees, Padilla now intends to seek civil penalties on behalf of himself and other aggrieved employees in the following amounts, from the Company, for violations including but not limited to:

1.  For violations of Labor Code §§200, 201, 202, 203, and 226.7, $100 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation (penalty set by Labor Code § 2699(f)(2));

2.  For initial violations of Labor Code §§ 512 and 1198, $50 for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages (penalty set by Labor Code § 558(a)(1));

3.  For subsequent violations of Labor Code §§ 512 and 1198, $100 for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages (penalty set by Labor Code § 558(a)(2));

4.  For violations of Labor Code § 226(a), $250.00 per employee per violation if a civil action results in an initial citation or its functional equivalent, and $1,000.00 per employee per violation if a civil action results in a subsequent citation or its functional equivalent (penalty amounts set by Labor Code § 226.3);

5.  For initial violations of Labor Code § 204, $100 per aggrieved employee per pay period (penalty amounts set by Labor Code § 210(a)(1)); and

6.  For subsequent violations of Labor Code § 204, $200 per aggrieved employee per pay period, plus 25% of the amount unlawfully withheld from each aggrieved employee (penalty amounts set by Labor Code § 210(a)(2)).

7.  For Violations relating to Labor Code 2802.

Please note that, in the alternative, Padilla will also seek to recover, on behalf of other aggrieved employees, a civil penalty of $500.00 for each of the above violations, as appropriate under Labor Code section Labor Code § 2699(f)(1). Padilla also intends to bring causes of action under Labor Code 2699 *et seq.* The Company has violated the above-referenced Labor Code provisions, as well as other California laws, and is liable for all applicable premiums and penalties, punitive damages, interest and attorneys' fees and costs. Padilla reserves the right to sue for other penalties pursuant to this section, in connection with any wage and hour violations engaged in by the Company.

Thank you for your attention to these matters. Please feel free to contact me if you have any questions. I look forward to hearing whether your agency will investigate this complaint.

Sincerely,

Jasmine A. Duel, Esq.

cc:     Sent via Certified Mail
        Sentinel Transportation LLC
        13601 S. Broadway, Los Angeles CA 90061

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Jasmine A. Duel (SBN 271872)
Berokim & Duel, PC
270 N. Canon Drive, Third Floor
Beverly Hills, CA 90210
TELEPHONE NO.: 310-846-8553  FAX NO.: 310-300-1233
ATTORNEY FOR (Name):

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Los Angeles 90012
CITY AND ZIP CODE:
BRANCH NAME: Stanley Mosk

DEC 14 2017

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

CASE NAME: Padilla v. Sentinel Transportation LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER BC 6 8 6 8 8 7 |
|---|---|---|
| [x] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[x] monetary  b.[x] nonmonetary; declaratory or injunctive relief  c.[x] punitive
4. Number of causes of action (specify):
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 12/13/2017

Jasmine A. Duel
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

| SHORT TITLE: Padilla v. Sentinel Transportation LLC | CASE NUMBER: BC 6 8 6 8 8 7 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES

Case Number _____

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3 (c)).

| ASSIGNED JUDGE | DEPT. | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge William F. Highberger | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Ann Jones | 308 | 1415 |
| Judge Maren E. Nelson | 307 | 1402 |
| Judge Carolyn B. Kuhl | 309 | 1409 |

BC 6 8 6 8 8 7

### Instructions for handling Class Action Civil Cases
The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross Complainant/Attorney of Record on _____    SHERRI R. CARTER, Executive Officer/Clerk

BY_____, Deputy Clerk.

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**

**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
         (INSERT DATE)                                              (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____         ➤ _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)
Date:

_____         ➤ _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date:

_____         ➤ _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date:

_____         ➤ _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date:

_____         ➤ _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)
Date:

_____         ➤ _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)
Date:

_____         ➤ _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

| TELEPHONE NO.:                    FAX NO. (Optional): | |
|---|---|
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:            FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

➢ _____
(TYPE OR PRINT NAME)          (ATTORNEY FOR PLAINTIFF)

Date: _____

➢ _____
(TYPE OR PRINT NAME)          (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
(TYPE OR PRINT NAME)          (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
(TYPE OR PRINT NAME)          (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
(TYPE OR PRINT NAME)          (ATTORNEY FOR _____ )

Date: _____

➢ _____
(TYPE OR PRINT NAME)          (ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)          (ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

■ **Arbitration**

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.


■ **Mandatory Settlement Conference (MSC)**

**Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

**Additional Information**

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**

- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

■ **Arbitration**

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

■ **Mandatory Settlement Conference (MSC)**

**Settlement Conferences are appropriate in any case where settlement is an option.**
Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 17725273**
**Date Processed: 02/05/2018**

| | |
|---|---|
| **Primary Contact:** | Kristie Dewey<br>Phillips 66<br>1075 W. Sam Houston Pkwy N<br>Ste 200<br>Houston, TX 77043 |

| | |
|---|---|
| **Entity:** | Sentinel Transportation, LLC<br>Entity ID Number 3648229 |
| **Entity Served:** | Sentinel Transportation, LLC |
| **Title of Action:** | Armando Padilla vs. Sentinel Transporation, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Los Angeles County Superior Court, California |
| **Case/Reference No:** | BC686887 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 02/02/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Jasmine A. Duel<br>310-993-3703 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com